### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### GREENVILLE DIVISION

**LEARDIS GRIFFIN**                                                                                              **PLAINTIFF**

**v.**                                                            **CIVIL ACTION NO. 4:19-cv-193-JMV**

**ANDREW M. SAUL,**
*Commissioner of Social Security*                                                              **DEFENDANT**

### ORDER

This cause is before the Court on claimants' complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying his claims for disability insurance benefits under Title II of the Social Security Act, and for supplemental security income under Title XVI. 42 U.S.C. §§ 416(i) and 423. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The Court, having reviewed the administrative record, the briefs of the parties, and the applicable law, and having heard oral argument, finds that the case should be reversed and remanded as the Court is unable to find the Commissioner's decision is supported by substantial evidence in the record. Specifically, and consistent with the court's ruling from the bench on December 7, 2020, following claimant's onset date of June 11, 2016, the court can find nothing in the medical record to support, as the residual functioning capacity ("RFC") recites, an ability to walk/stand, unaided, for 6 hours per day or more. On the contrary, every examining or non-examining physician, including mental health professionals, to the extent they commented on the same, opined or observed to the contrary, at least during the relevant period. Further, the Administrative Law Judge's ("ALJ") recitation in support of his conclusion that Consultive Examiner Dr. Sherin's opinion of limited ambulation

should be discounted because Dr. Sherin found claimant ambulated normally excepting only some vague "issues with tandem walking" is clearly erroneous. Dr. Sherin actually found that claimant was "*unable* to tandem walk", at all, unassisted. (emphasis added). The court further finds, for the reasons set out in the governments briefing, that no prejudicial error has been demonstrated by the claimant regarding the ALJ's finding that claimant does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment.

On remand, the ALJ must issue a new decision. First, the ALJ must secure the opinion of a competent medical advisor who—after reviewing all the claimant's medical records—must provide an opinion regarding the claimant's physical RFC (function-by-function) for the relevant period. Then, if necessary, the ALJ must obtain supplemental vocational expert evidence regarding the claimant's ability to perform work during the relevant period. Finally, the ALJ may conduct any additional proceedings not inconsistent with this judgment.

**IT IS, THEREFORE, ORDERED AND ADJUDGED that this case is REVERSED and REMANDED for further proceedings consistent with this judgment.**

SO ORDERED this, the 7th day of December, 2020.

/s/ Jane M. Virden
U.S. MAGISTRATE JUDGE